```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
CARLOS BATEN RAMIREZ, et al.,                               :
                                                            :
                              Plaintiffs,                   :
                                                            :
                      -v-                                   :
                                                            :
                                                            :
AAM RESTAURANT LLC d/b/a                                    :
BISTANGO, et al.,                                           :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __8/2/2021__
```

20-CV-4700 (VSB)

ORDER

VERNON S. BRODERICK, United States District Judge:

The parties have advised me that they have reached an amended settlement agreement in this Fair Labor Standards Act ("FLSA") case. (Doc. 31.) Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). For the reasons stated herein, I find that the settlement of the parties is fair and reasonable and therefore approve it.

## I. Legal Standard

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the [plaintiff's] range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the

seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (internal quotation marks omitted). A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)). An award of costs "normally include[s] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987) (internal quotation marks omitted).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

**II.     Discussion**

Pursuant to my Order of May 13, 2021, (Doc. 30), and following a court-ordered mediation with Mediator Marilyn Kunstler, the parties submitted a letter detailing why they believed the settlement reached in this action, and the contemplated attorney's fees, are fair and

2

reasonable, (Doc. 31). However, during my review of the parties' letter, I noted a discrepancy between the settlement amounts described in the parties' letter and their agreement; therefore, I ordered the parties to file a supplemental letter clarifying the total settlement amount reached. (Doc. 32.) On July 9, 2021, the parties submitted a supplemental letter and amended settlement agreement correcting the erroneous figure in their previous letter and clarifying the settlement amount. (Doc. 33.)

I have now independently reviewed the settlement agreement and the supporting evidence in order to determine whether the terms of the settlement agreement are fair, reasonable, and adequate. I believe that they are and therefore approve the settlement agreement of the parties.

      **A.**    ***Settlement Amount***

I first consider the settlement amount. The agreement provides for a total settlement amount of $200,000 and a distribution to Plaintiffs of $134,000, excluding attorney's fees and expenses. (Doc. 33-1, at 2.) Counsel represents that Plaintiffs believe that they are collectively entitled to $481,732.25 in back wages and would be entitled to $1,115,284.51 if they recovered in full for their claims, excluding attorneys' fees and costs. (Doc. 31, at 2; *see* Doc. 31-2.) While the settlement amount is therefore only a fraction of the total amount Plaintiffs claim is owed to them, the parties argue that this settlement is fair in light of the litigation and collection risks particular to this case.

Plaintiffs allege that they were employed at Defendants' now-closed Italian restaurant as cooks, dishwashers, deliverymen, and busboys. (Doc. 31, at 1.) They allege Defendants engaged in a variety of FLSA and NYLL violations, including failure to pay appropriate minimum wage and overtime, notice and recordkeeping violations, unpaid spread of hours, and unlawful deductions from tips and wages. (*Id.*) The parties append to their submission a

damages chart reflecting the relevant pay periods, hours worked and unpaid for, and corresponding amounts sought by each Plaintiff from Defendants.  (Doc. 31-2.)  Defendants deny that Plaintiffs worked spread of hours and contend that the overtime damages sought by Plaintiffs were exaggerated.  (Doc. 31, at 1.)  Defendants also deny any willful violations of the FLSA.  (*Id*. at 1–2.)

Plaintiffs filed their complaint over a year ago, (*see* Doc. 1), and on January 25, 2021, I approved the parties' proposed case management plan, (Doc. 24).  The parties began exchanging paper discovery, engaged in extensive negotiations, and participated in a court-ordered mediation, suggesting that the settlement amount reflects the strengths of the parties' respective cases based on the documentary evidence available and that their settlement discussions were well-considered.  (*See* Doc. 31, at 3.)  In addition, the litigation risks and potential costs of continued litigation militate in favor of settlement of this case.  Taking into consideration the difficulties of collecting from a restaurant that has since closed, continuing further with the litigation would introduce uncertainty and Plaintiffs would have to expend time and money on further discovery, motion practice, and trial.  (*See id*. at 2.)  If the litigation were to continue, Defendants would have to expend time and money on further discovery, motion practice, and trial, thereby potentially diminishing amounts available to settle this case.  Moreover, any recovery Plaintiffs did eventually receive would be delayed.  Finally, there is no basis for me to believe that there was any fraud or collusion involved in the settlement.  The parties' settlement agreement appears to have been the result of arm's-length negotiations between counsel experienced in wage and hour matters.  (*See id*. at 3.)  Therefore, based on the representations of the parties and my own analysis of the totality of the circumstances present here, I find that the settlement agreement appears to be a fair and reasonable resolution of this dispute.

### B.  *Attorney's Fees*

I next consider the attorney's fees contemplated in the settlement agreement. The attorney's fees sought are $66,000. (Doc. 33-1, at 2; Doc. 33, at 1.) The attorney's fees represent 33% of the total $200,000 settlement amount. (*Id.*) In support of this request, Plaintiff's counsel has submitted its billing records and costs in this case. (Doc. 31-3.) Based on a total of 55.84 hours (billed at a rate of $450 per hour for Managing Partner Michael Faillace and a rate of $350 per hour for associate Clela A. Errington), in addition to filing and service costs of $499, Plaintiff's counsel's lodestar in this case comes up to $16,406.50. (*Id*. at 7.) While this case is still at an early stage, it is clear that Plaintiffs' counsel has expended time on at least the following: investigating and researching Plaintiffs' claims; amending the complaint; participating in mediation; and negotiating and executing the settlement. (*Id.* at 1–7.)

Although the total attorney's fees sought are approximately four times the actual lodestar amount, courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases. *See, e.g.*, *Pinzon v. Jony Food Corp.*, No. 18-CV-105 (RA), 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) (approving a 33% fee request with a lodestar multiplier of 5.23); *see also Shapiro v. JPMorgan Chase & Co.*, Nos. 11 Civ. 8331(CM)(MHD), 11 Civ. 7961(CM), 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 24, 2014) ("Lodestar multipliers of nearly 5 have been deemed common by courts in this District.") (internal quotation marks omitted); *Johnson v. Brennan*, No. 10 Civ. 4712(CM), 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011) ("Courts regularly award lodestar multipliers from two to six times lodestar.").

In light of this analysis, I find the attorney's fees contemplated in the settlement agreement to be fair and reasonable.

### III.   Conclusion

For the foregoing reasons, the settlement agreement of the parties is hereby APPROVED.

The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated:   August 2, 2021
        New York, New York

                                                     Vernon S. Broderick
                                                     United States District Judge